Filed: 8/25/2022 5:49 PM
Lynne Finley
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 67680296

CAUSE NO. 380-04787-2022 _____

| | | |
|---|---|---|
| **JANE AND JOHN DOE, INDIVIDUALLY AND AS NEXT FRIENDS OF JANIE DOE 1 AND JANIE DOE 2, MINOR CHILDREN,**<br>*Plaintiffs*<br><br>vs.<br><br>**PROSPER INDEPENDENT SCHOOL DISTRICT,**<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br><br><br><br>\_\_\_\_\_ **JUDICIAL DISTRICT**<br><br><br><br><br>**COLLIN COUNTY, TEXAS** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs Jane and John Doe, individually and as next friends of their minor children, Janie Doe 1 and Janie Doe 2 (collectively, "Plaintiffs"),[1] and file this their Original Petition against Defendant Prosper Independent School District ("Defendant" or "Prosper ISD"), and in support thereof would respectfully show the Court the following:

### I.
### INTRODUCTION

1. This case is about two elementary school students who were continuously and systematically sexually abused by a Prosper ISD employee while under the school district's care and supervision for an entire school year.

2. Frank Paniagua, a Prosper ISD bus driver, sexually abused very minor children entrusted into his care, including eight-year-old Janie Doe 1 and six-year-old Janie Doe 2. Between September 2021 and May 2022, Paniagua sexually assaulted Janie Doe 1 and Janie Doe

---

[1] Plaintiffs are filing suit under pseudonyms pursuant to TEX. CIV. PRAC. & REM. CODE § 30.013, as this suit involves sexual abuse of minor children.

2 on a Prosper ISD school bus.  This horrific abuse occurred *every day* that the girls rode the bus to school and was shockingly captured on bus surveillance video.

3. This case is also about the appalling negligence of Prosper ISD and its administrators.  For months, teachers at the bus and car drop-off lines noticed Paniagua keeping Janie Doe 1 on the bus—alone—for an additional three to five minutes every morning she rode the bus but did or said nothing.  Prosper ISD did nothing at all to protect Janie Doe 1, Janie Doe 2, or the other children under Paniagua's supervision.  Not until Janie Doe 1 and Janie Doe 2 outcried to their grandparents and mother did Prosper ISD finally investigate the Prosper ISD employee whose abuse of two defenseless little girls it had unpardonably enabled.  Even then, Prosper ISD's superintendent gave Jane Doe only a scant courtesy call and insinuated that Jane Doe stay silent so as to not attract media attention to her family or to Prosper ISD staff.  Prosper ISD's attempts to sweep these horrific events under the rug are evident from the following comments in the "Parents of Prosper ISD" Facebook group, both of which were captured on or around August 15, 2022:

 

4. With over 100 instances of abuse as detailed herein, Prosper ISD was willfully indifferent in recognizing, preventing, interceding, and responding to any suspicion of—let alone actual instances of—sexual misconduct involving its administrators and students.  Jane and John Doe now bring this suit for compensatory and punitive damages, not only to seek redress for themselves and their girls, but to ensure that Prosper ISD stands as an example and a warning to all institutions entrusted with the care and protection of vulnerable children like Janie Doe 1 and Janie Doe 2.

## II.
## PARTIES

5. Plaintiffs Jane and John Doe, individually and as next friend of their minor daughters Janie Doe 1 and Janie Doe 2, are individuals residing in Collin County, Texas.

6. Prosper ISD is a public school district located and operating in Collin County, Texas.  Prosper ISD may be served with process through its Registered Agent, Drew Watkins, or its General Counsel, Jeff Crownover, at 605 East Seventh Street, Prosper, Texas 75078, or wherever else they may be found.

## II.
## JURISDICTION & VENUE

7. Jurisdiction is proper in this Court because the amount of controversy is within the jurisdictional limits of this Court, and the claims are within the Court's subject matter jurisdiction.

8. This Court also has jurisdiction over this lawsuit under the Texas Torts Claim Act because the incidents made the basis of this lawsuit involve personal injury arising from the operation or use of a motor-driven vehicle (*i.e.*, a Prosper ISD school bus).  Accordingly, Prosper ISD has waived sovereign immunity pursuant to TEX. CIV. PRAC. & REM. CODE § 101.021.

9. Venue is proper in Collin County because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Collin County and because Prosper ISD's principal office is in Collin County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1), (3).

## III.
### DISCOVERY CONTROL PLAN & RULE 47 STATEMENT

10. Plaintiffs intend to conduct discovery under Level 3 pursuant to Tex. R. Civ. P. 190.4.

11. Plaintiffs are seeking monetary relief over $5,000,000. Tex. R. Civ. P. 47(c)(4).

## IV.
### FACTUAL BACKGROUND

12. Janie Doe 1 and Janie Doe 2 started kindergarten in the 2019-2020 and 2021-2022 schoolyears with Prosper ISD, respectively. Prior to the start of their respective school years, the girls tested into the Prosper ISD Elementary Dual Language Program, a bilingual and biliteracy program that provides instruction in both Spanish and English for kindergarten through fifth grade. Given the small class size of the Dual Language Program, Prosper ISD assigned specific bus routes to service the students enrolled in the program.

13. For the 2021-2022 school year, Janie Doe 1 and Janie Doe 2 were assigned to the Dual Language Program bus route driven by Paniagua, a then 61-year-old man. Janie Doe 1 and Janie Doe 2 rode on Paniagua's bus in the mornings three to four times a week, where they were dropped off in front of the elementary school cafeteria at approximately 7:15a.m. Car drop-off immediately followed bus drop-off. At least one Prosper ISD administrator was assigned to help with morning bus drop-off, and up to five Prosper ISD administrators were assigned to help with morning car drop-off. These Prosper ISD administrators assisted the students off the busses or out of their cars and ushered them into the school.

14. Paniagua's abuse of Janie Doe 1 and Janie Doe 2 started as early as September 2021 and occurred each and every morning that the girls took the bus to school—***upwards of 100 separate instances of abuse***.  Each instance of abuse that occurred on the Prosper ISD school bus, on Prosper ISD property, and was recorded and captured on bus surveillance.

15. Under the guise of helping Janie Doe 2 (a then five-year-old) buckle and unbuckle her seatbelt, Paniagua continuously and repeatedly assaulted Janie Doe 2 every morning she rode the school bus.  Upon arrival at the elementary school, Paniagua ensured that Janie Doe 2 was the second-to-last student off the bus, where he would then give her a piece of candy.

16. Paniagua's abuse of Janie Doe 1 was far more extensive and brazen.  After Janie Doe 2 deboarded the bus at school, Paniagua would turn his attention to Janie Doe 1 (a then seven-year-old), where he systematically ensured Janie Doe 1 was the last student off the bus so he could assault her at the back of the bus for three to five minutes *every morning* that she was on his bus.  Paniagua attempted to explain Janie Doe 1's constant delays with deboarding to Prosper ISD administrators as her helping Paniagua to clean the bus by "picking up trash."  How the Prosper ISD administrators present every morning at bus and car drop-off missed all signs of this abuse is inexplicable.

17. Janie Doe 1 and Janie Doe 2 endured nearly an ***entire schoolyear's worth of abuse***, until one night while staying with their grandparents, the girls mentioned how "Mr. Frank" wanted to give them gift cards.  When Jane Doe picked the girls up the next morning on May 7, 2022—the day before Mother's Day—Jane Doe's mother mentioned this odd comment.  Jane Doe then asked the girls about it before going home, to which they did not respond.

18. Upon arriving home on May 7, 2022, Jane Doe again asked the girls about the gift cards, eventually asking whether "Mr. Frank" had done anything to them.  After exchanging

glances (as if to seemingly check in on and assure one another), Janie Doe 1 and Janie Doe 2 told their mother what no parent ever wants to hear—that sometimes Mr. Frank touches them.

19. Upon learning this information, Jane Doe promptly called and left voicemails with Prosper ISD's Transportation Department and the Prosper ISD Police Department and immediately followed up with emails. Her call was eventually returned.

20. On the morning of Monday, May 9, 2022, Prosper ISD police pulled the surveillance video from Paniagua's bus and reviewed it before sending the footage to the Proposer Police Department. The following day, Jane Doe met with Child Protective Services ("CPS") licensed master social worker Elena Perez and Children's Advocacy Center of Collin County ("CAC") investigator Parker Owens, who conducted Janie Doe 1 and Janie Doe 2's forensic interviews.

21. On or around May 11, 2022, Paniagua was arrested and booked on charges of Aggravated Sexual Assault of a Child, Continuous Sexual Abuse of a Child Victim Under 14, and Indecency with a Child Sexual Contact. Following his arrest and booking into the Collin County Jail, Paniagua attempted suicide by jumping off the second floor of the Jail, paralyzing himself. He was released into the care of his family and died on June 10, 2022.

## V.
### CAUSES OF ACTION

### *Texas Torts Claims Act*

22. Plaintiffs bring suit under the Texas Torts Claims Act, as Prosper ISD is a governmental unit. TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B). Here, Prosper ISD has waived immunity from suit because the personal injury complained of herein arises from the operation or use of motor-driven vehicle (*i.e.*, a Prosper ISD school bus). *Id.* § 101.021.

### *Negligence and Gross Negligence*

23. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

24. Prosper ISD had a duty to protect and supervise the children in its care, including Janie Doe 1 and Janie Doe 2. Prosper ISD also had a duty to exercise reasonable care in its hiring, supervision, and training of its employees, including Paniagua.

25. On information and belief, Prosper ISD breached these duties by, among other things:

   a) Failing to exercise reasonable care in its hiring of Paniagua and other employees;

   b) Failing to exercise reasonable care in its supervision of Paniagua and other employees;

   c) Failing to exercise reasonable in its training of Paniagua and other employees;

   d) Failing take steps to protect Janie Doe 1 from Paniagua after receiving reports of his inappropriate behavior;

   e) Failing take steps to protect Janie Doe 2 from Paniagua after receiving reports of his inappropriate behavior;

   f) Failing to advise Jane Doe of Paniagua's inappropriate behavior for her to prevent further abuse of her children;

   g) Failing to advise John Doe of Paniagua's inappropriate behavior for him to prevent further abuse to his children.

26. As a result of Prosper ISD's breach of its duties as set forth herein, Plaintiffs were injured.

27. Moreover, these acts of negligence by Prosper ISD were of such character as to make Prosper ISD liable for gross negligence. Prosper ISD's acts of negligence, when viewed

objectively from the standpoint of the defendant, involved an extreme degree of risk considering the probability and magnitude of potential harm to others. Prosper ISD had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiffs. The gross negligence of Prosper ISD was a proximate cause of the events detailed herein, Plaintiffs' injuries, and their damages. As a result of Prosper ISD's blatant gross negligence, Plaintiffs seek exemplary damages in an amount in excess of the jurisdictional limits of this Court.

### *Breach of Fiduciary Duty*

28. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

29. Pleading additionally and in the alternative, Prosper ISD committed a breach of their fiduciary duties to Plaintiffs.

30. Specifically, as alleged herein, Plaintiffs and Prosper ISD had a fiduciary relationship, Prosper ISD breached its fiduciary duties to Plaintiffs, and Prosper ISD's breach of its fiduciary duties to Plaintiffs proximately caused injuries to Plaintiffs and resulted in benefit to Prosper ISD.

### *Fraud by Nondisclosure*

31. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

32. Pleading additionally and in the alternative, Prosper ISD committed fraud by nondisclosure on Plaintiffs for which it is directly liable.

33. Specifically, as alleged herein, Prosper ISD concealed from or failed to disclose certain facts to Plaintiffs, including but not limited to the fact that it failed to conduct background

checks before hiring its employees and the fact that it received complaints about Paniagua's inappropriate behavior toward Janie Doe 1 and Janie Doe 2.

34. Prosper ISD had a duty to disclose these material facts to Plaintiffs. Prosper ISD knew Plaintiffs were ignorant of these facts and that they did not have an equal opportunity to discovery these facts. Prosper ISD was deliberately silent when it had a duty to speak, and by failing to disclose these facts, Prosper ISD intended to induce Plaintiffs to take some action or refrain from acting. Plaintiffs relied on Prosper ISD's nondisclosure, and they were injured as a result of acting without the knowledge of the undisclosed facts.

### *Invasion of Privacy – Intrusion Upon Seclusion*

35. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

36. Pleading additionally and in the alternative, Prosper ISD committed an invasion of privacy upon Plaintiffs for which it is directly liable.

37. Specifically, and as alleged herein, Prosper ISD intentionally intruded on Janie Doe 1 and Janie Doe 2's solitude, seclusion, or private affairs when their horrific sexual abuse was captured on Prosper ISD bus surveillance. The intrusion is highly offensive to the reasonable person, and Plaintiffs suffered injuries as a result of this intrusion.

### *Intentional Infliction of Emotional Distress*

38. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

39. Pleading additionally and in the alternative, Prosper ISD committed an intentional infliction of emotional distress for which it is directly liable.

40. Specifically, and as alleged herein, Prosper ISD (through Paniagua) acted intentionally or recklessly with extreme and outrageous conduct, which proximately caused Plaintiffs' severe emotional distress.

### *Negligent Infliction of Emotional Distress*

41. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

42. Pleading additionally and in the alternative, Prosper ISD committed a negligent infliction of emotional distress for which it is directly liable.

43. Specifically, and as alleged herein, Prosper ISD engaged in negligent activity or a willful violation of statutory duty. This conduct proximately caused Plaintiffs' severe emotional distress.

### *Violation of 20 U.S.C. § 1681 et seq. ("Title IX")*

44. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

45. Title IX of the Education Amendments of 1972 protects people from discrimination based on sex in education programs or activities that receive federal financial assistance. *See* 20 U.S.C. § 1681(a).

46. Title IX regulations apply to elementary and secondary schools, such as those within Prosper ISD. *See* 20 U.S.C. § 1681(c).

47. At all times relevant, Prosper ISD and related appropriate persons had actual knowledge of the allegations complained of herein, yet deficiently responded to those allegations in a response that amounts to deliberate indifference. At no time whatsoever did Prosper ISD

extend corrective or supportive measures such as counseling, added supervision, modification of bus route assignments, or increased security and monitoring of bus drivers and routes.

48. Paniagua's pattern of harassment and abuse of Janie Doe 1 and Janie Doe 2 was so severe, pervasive, and objectively offensive that it denied Janie Doe 1 and Janie Doe 2 equal access to educational opportunities or benefits.

49. As a direct and proximate result of Paniagua's continuous and routine sexual assault of Janie Doe 1 and Janie Doe 2, Plaintiffs were injured.

## VI.
## DAMAGES

50. Plaintiffs are seeking monetary relief over $5,000,000.  TEX. R. CIV. P. 47(c)(4).

### *Actual Damages*

51. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

52. Plaintiffs have suffered actual damages as a direct and proximate result of the acts giving rise to this lawsuit.  Plaintiffs have been deprived of their rights and privileges to attend public school with their classmates and participate in any school-related activities, such as riding a school bus.  Further, Plaintiffs have suffered extreme and severe emotional distress and mental anguish as a result of Prosper ISD's negligent and extreme and outrageous conduct described herein.

### *Exemplary Damages*

53. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

54. Prosper ISD's acts and omissions complained of herein were committed knowingly, willfully, intentionally, and with actual awareness or actual malice or with deliberate

indifference. In order to punish Prosper ISD for such unconscionable actions and to deter such acts and/or omissions in the future, Plaintiffs seek recovery against Prosper ISD of exemplary damages as provided by Chapter 41 of the Texas Civil Practice & Remedies Code.

### *Attorneys' Fees*

55. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

56. Request is made for all reasonable and necessary attorneys' fees incurred by or on behalf of Plaintiffs.

### VII.
### CONDITIONS PRECEDENT

57. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred. *See* TEX. CIV. PRAC. & REM. CODE § 101.101(c).

### VIII.
### RULE 193.7 NOTICE

58. Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs hereby give notice that they intend to use all documents produced in response to written discovery in any pre-trial matter and at trial.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant Prosper ISD be cited to appear and that upon a trial on the merits:

a) Render judgment in favor of Plaintiffs against Defendant Prosper ISD as to all claims;

b) Award Plaintiffs all damages to which they may be entitled to at law or in equity, in an amount to be proven at trial, plus pre- and post-judgment interest at the maximum rates allowed by law;

c) Award exemplary damages;

d) Award Plaintiffs their reasonable attorneys' fees and litigation expenses; and

e) All other relief, whether at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

**MCCATHERN, PLLC**

*/s/ Levi G. McCathern, II*
Levi G. McCathern
State Bar No. 00787990
lmccathern@mccathernlaw.com
James E. Sherry
State Bar No. 24086340
jsherry@mccathernlaw.com
Shane Eghbal
State Bar No. 24101723
seghbal@mccathernlaw.com
Kristin M. Hecker
State Bar No. 24116499
khecker@mccathernlaw.com
3710 Rawlins, Suite 1600
Dallas, Texas 75219
Telephone: (214) 741-2662
Facsimile: (214) 741-4717

**ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Adriane Rihn on behalf of Levi McCathern
Bar No. 00787990
arihn@mccathernlaw.com
Envelope ID: 67680296
Status as of 8/26/2022 2:06 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Elizabeth Criswell | | ecriswell@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |
| James E.Sherry | | jsherry@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |
| Kristin Hecker | | khecker@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |
| Levi McCathern | | lmccathern@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |
| Monica Rivas | | mrivas@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |
| Shahin Eghbal | | seghbal@mccathernlaw.com | 8/25/2022 5:49:56 PM | SENT |