# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JANE AND JOHN DOE, individually and as next friends of JANIE DOE 1 AND JANIE DOE 2, minor children, § § § § *Plaintiffs*, § v. § § PROSPER INDEPENDENT SCHOOL § DISTRICT, HOLLY FERGUSON, § ANNAMARIE HAMRICK, and § ANNETTE PANIAGUA ex rel. the § ESTATE OF FRANK PANIAGUA, § § *Defendants*. § | Civil Action No. 4:22-CV-00814 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Annette Paniagua ex rel. the Estate of Frank Paniagua's Supplemental Motion to Dismiss Under Rule 12(b)(1) (Dkt. #39) and Supplemental Motion to Dismiss Under Rule 12(b)(6) (Dkt. #40). Having considered the motions and the relevant pleadings, the Court finds that the Supplemental Motion to Dismiss under Rule 12(b)(1) should be **GRANTED in part** and **DENIED in part** and that the Supplemental Motion to Dismiss under Rule 12(b)(6) should be **DENIED**.

### BACKGROUND

During the 2021–2022 school year, eight-year-old Janie Doe 1 and six-year-old Janie Doe 2 (the "Doe Children") attended school in the Prosper Independent School District ("Prosper ISD"). The Doe Children rode a bus driven by Frank Paniagua ("Paniagua") to school three to four times a week.

Plaintiffs allege that Paniagua, every morning after picking up the Doe Children but before picking up other children, would drive the bus off route and make an unscheduled stop. During this stop, Paniagua would touch the Doe Children's chests, vaginas, and anuses under the guise of readjusting their seatbelts. According to the allegations, the sexual abuse was captured on school-bus surveillance video.

Plaintiffs allege that after the Doe Children disclosed the abuse to their mother, Jane Doe, she promptly reported it to Prosper ISD's Transportation Department and the Prosper ISD Police Department. On May 9, 2022, Prosper ISD police extracted the surveillance video from Paniagua's bus, reviewed it, and then sent the footage to Prosper Police Department. The next day, the Doe Children underwent forensic interviews. Soon after, Paniagua was arrested on charges of aggravated sexual assault of a child, continuous sexual abuse of a child victim under 14, and indecency with a child sexual contact. Paniagua attempted suicide by jumping off the second floor of the jail, paralyzing himself, and later died on June 10, 2022. Though it is unclear exactly when, Plaintiffs also allege that Prosper ISD relied on the video evidence as a basis to fire Paniagua.

Jane and John Doe filed this lawsuit on behalf of themselves and the Doe Children, Janie and Janie Doe, seeking to hold Defendants Prosper ISD, Holly Ferguson (the Superintendent of Prosper ISD), Annamarie Hamrick (the former Director of Prosper ISD Transportation Department), and Annette Paniagua ex rel. the Estate of Frank Paniagua ("the Estate") responsible for Paniagua's actions (Dkt. #27). Relevant to the present motions, Plaintiffs accuse the Estate of violating 42 U.S.C. § 1983 in both Paniagua's individual and official capacities.  In addition, Plaintiffs bring state law causes of action for assault, false imprisonment, invasion of privacy, intentional infliction of emotional distress, and breach of fiduciary duty against the Estate.

On December 15, 2022, the Estate filed the pending supplemental motions to dismiss (Dkt. #39; Dkt. #40). The Estate incorporated the arguments and authorities from its previous 12(b)(1) motion to dismiss (Dkt. #31) and 12(b)(6) motion to dismiss (Dkt. #32) into the supplemental motions. On December 22, 2022, Plaintiffs filed their Consolidated Response (Dkt. #45). On December 29, 2022, the Estate filed its Reply (Dkt. #47).

## LEGAL STANDARD

### I.   12(b)(6) Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)

(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. 12(b)(1) Standard

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider

4

the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

The Estate has moved to dismiss Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court will address the grounds for each motion in turn. Lastly, the Court will resolve the Estate's alternative motion for a more definite statement under Federal Rule of Civil Procedure Rule 12(e).

5

I.  12(b)(1) Motion to Dismiss Grounds

    A.  John and Jane Doe Lack Standing

The Estate first argues that John and Jane Doe lack standing to assert claims under § 1983 in their individual capacities. The Court agrees. Standing requires John and Jane Doe to allege some violation of their personal rights, not simply a violation of the Doe Children's personal rights. *See, e.g., Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (collecting cases). In this case, John and Jane Doe allege that Defendant violated the Doe Children's Fourteenth Amendment rights, which caused John and Jane Doe pain, suffering, and emotional trauma. John and Jane Doe, however, have not put "forth facts implicating a right of recovery separate from the alleged violations of [the Doe Children's] personal rights." *Martinez v. Maverick Cnty.*, 507 F. App'x 446, 448 n.1 (5th Cir. 2013) (citing *Coon*, 780 F.2d at 1160). Without more, John and Jane Doe's individual § 1983 claims fail.

In response, Plaintiffs seem to argue that John and Jane Doe have standing by virtue of their capacity as parents of students who attend public school (*see* Dkt. #45 at pp. 10–11). The cases on which Plaintiffs rely in reaching their conclusion, however, involved violations of the First Amendment's Establishment Clause—injuries vastly different than those alleged in this case. *See Doe by Doe v. Beaumont Indep. Sch. Dist.*, 240 F.3d 462, 467 (5th Cir. 2001) (holding that the plaintiffs had standing to assert a claim that a school program "unconstitutionally prefer[red] religion over non-nonreligion"); *see Oxford v. Beaumont Indep. Sch. Dist.*, 224 F. Supp. 2d 1099, 1105 (E.D. Tex. 2002) (finding that the plaintiffs had standing in part because "children and their parents generally have a right to receive a public education that is coterminous with the Establishment Clause"). Plaintiffs cite no authority showing that the status of John and Jane Doe

6

as parents, alone, grants them individual standing in the context of Fourteenth Amendment violations. And, even in the context of Establishment Clause violations, children and their parents must still have an individuated injury. *See Beaumont Indep. Sch. Dist.*, 240 F.3d at 467 ("This is not to suggest that children and their parents need not have an individuated injury.").

Similarly, Plaintiffs' assertion that John and Jane Doe have standing to pursue claims for expenses incurred in the care of their children for injuries and damages caused by Paniagua's conduct is not availing (*see* Dkt. #45 at pp. 10–11). The cases on which Plaintiffs rely addressed the issue of whether parents can assert individual claims under Title IX. *See A.W. v. Humble Indep. Sch. Dist.*, 25 F. Supp. 3d 973, 985 (S.D. Tex. 2014) ("Plaintiffs' argument that [the plaintiff's mother] is able to assert individual claims under Title IX is foreclosed by the Fifth Circuit's holding in [*Rowinsky v. Bryan Indep. Sch. Dist.*, 80 F.3d 1006, 1009 n.4 (5th Cir. 1996)] . . . ."); *see Dipippa v. Union Sch. Dist.*, 819 F. Supp. 2d 435, 446 (W.D. Pa. 2011) (finding that the "parents do have standing to pursue the reimbursement for expenses of medical treatment and counseling of [their child] as a result of the alleged deprivation of rights under Title IX."). Here, however, John and Jane Doe do not assert individual claims under Title IX against the Estate. Even so, as explained by our sister court in the Southern District of Texas, the Fifth Circuit has held that:

> nothing in the statutory language provides [a parent] with a personal claim under title IX. Even assuming that title IX protects persons other than students and employees, [the parent] has failed [to] assert that she was excluded from participation, denied the benefits of, or subjected to discrimination under any education program or activity. Absent such a claim, the plain language of title IX does not support a cause of action by [the parent].

*A.W.*, 25 F. Supp. 3d at 985 (quoting *Rowinsky*, 80 F.3d at 1009 n.4). John and Jane Doe do not fall within the statutory protection of Title IX because they are not students or employees of Prosper ISD. *See Rowinsky*, 80 F.3d at 1009 n.4. Further, Plaintiffs do not allege that John or Jane Doe,

themselves, were excluded from participation, denied the benefits of, or subjected to discrimination under an educational program or activity. Accordingly, John and Jane Doe's § 1983 claims on behalf of themselves must be dismissed.

### B. Election of Remedies for Tort Claims Against the Estate

The Estate next argues that Plaintiffs' state law tort claims against it should be dismissed because Prosper ISD, Paniagua's former employer, purportedly moved to dismiss its employees from the suit under § 101.106(e) of the Texas Tort Claims Act (the "TTCA"). Plaintiffs did not respond to this argument.

The Texas Supreme Court described the purpose of § 101.106, entitled "Election of Remedies," as follows:

> [T]o force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery. By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs.

*See Mission Consol. ISD v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (citations omitted). If, however, a plaintiff chooses to sue both the governmental unit and its employees, thereby attempting to sidestep the forced election of remedies, § 101.106(e) gives the governmental unit the option to move for dismissal of its employees. Specifically, § 101.106(e) provides: "If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e).

8

The Court is not convinced that Prosper ISD has moved to dismiss the Estate from the suit on § 101.106(e) grounds. Though Prosper ISD previously asked the Court, under § 101.106(e), to "immediately dismiss Plaintiffs' tort claims, pled or to be pled, against District employees" in its prior Motion to Dismiss Plaintiffs' Amended Complaint (*see* Dkt. #17 at p. 19), the Court denied that motion as moot upon the filing of the Second Amended Complaint (*see* Dkt. #67 at p. 6). Prosper ISD then filed its new Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #54), which, significantly, omitted the request to dismiss its employees from the suit. Because Prosper ISD changed course by removing the request in the new motion, the Court is left without a ripe motion on § 101.106(e) grounds to consider. Now, the Estate essentially asks the Court to dismiss the Estate on the Estate's own motion. Section 101.106(e), however, is a dismissal tool available only to the governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e) ("[T]he employees shall immediately be dismissed *on the filing of a motion by the governmental unit*.") (emphasis added); *see Cook v. Hopkins*, 795 Fed. App'x 906, 910 n.2 (5th Cir. 2019) ("The district court correctly noted that government employees cannot request the dismissal of claims filed under the state statute from which Plaintiffs' state-law tort claims arose."); *see Doe v. City of Pharr*, No. 7:14-CV-285, 2014 WL 12646038, at *4 (S.D. Tex. Aug. 13, 2014) ("Here, the City of Pharr has not moved to dismiss [the employee]; until the City so moves, [the employee] is not entitled to dismissal."), *aff'd sub nom. Doe v. City of Pharr, Texas*, 652 F. App'x 259 (5th Cir. 2016). The Court believes it would be improper to consider dismissal of the Estate under § 101.106(e) when Prosper ISD has not so moved in its latest motion.

Furthermore, the Court is not persuaded that Prosper ISD is permanently bound by the content of its original motion. To support its position, the Estate clings to the Texas Supreme Court's holding in *Univ. of Tex. Health Sci. Ctr. v. Rios* that "it is the filing of a motion to dismiss

[under § 101.106(e)], not its content that triggers the right to dismissal" 542 S.W.3d 530, 539 (Tex. 2017). To be sure, the Texas Supreme Court indeed held that the "statutory right to dismissal accrues when the motion is filed and is not impaired by later amendment to the pleadings or motion." *Id.* at 532. This case, however, is distinguishable from *Rios*. In *Rios*, the defendants amended their motion to dismiss, but did not alter the substance of their argument for dismissal of tort claims against the government employees. Here, on the other hand, Prosper ISD did not merely amend its motion to dismiss. Prosper ISD filed a new motion to dismiss, after the Court denied the prior motion as moot, in which it entirely removed the request for dismissal of its district employees under § 101.106(e). Prosper ISD altered the substance of their argument for dismissal of its employees by eliminating such request altogether. The Estate's argument stretches the *Rios* holding too far. The statutory right to dismissal belongs to the governmental unit, not its employees.[1] *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e); *see also Rios*, 542 S.W.3d at 539 ("[N]or did defendants' amended motion to dismiss vitiate its already-triggered statutory right to dismissal of the Doctors."); *see also Tex. Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 358 ("By filing such a motion, the governmental unit effectively confirms the employee was acting within the scope of employment and that the government, not the employee, is the proper party."). Therefore, it was Prosper ISD's prerogative, as the governmental unit, to decide the posture of its own potential liability in the subsequent motion to dismiss.[2] The Court denies the Estate's 12(b)(1) motion on the issue of § 101.106(e).

---

[1] The Court notes that the word "immediately" in § 101.106(e) "does not translate to an absolute right to dismissal upon the motion's filing. Instead, a court order, along with certain findings, is required to effectuate dismissal." *See Tex. Dep't of Aging & Disability Servs. V. Cannon*, 453 S.W.3D 411, 418 (Tex. 2015).
[2] Even if the prior motion to dismiss had not been denied as moot, the Court is not certain that Prosper ISD even sufficiently moved to dismiss the Estate from the suit under § 101.106(e). In the prior motion, Prosper ISD specifically labeled Paniagua as a "former employee" (*see* Dkt. #17 at p. 1) but moved to dismiss "Plaintiffs' tort claims, pled or to be pled, against *District employees*" (Dkt. #17 at p. 19) (emphasis added). Prosper ISD did not specify that such motion was on behalf of former employees or the Estate. Prosper ISD also did not mention Paniagua or the Estate by name in the § 101.106(e) section of the motion. This, of course, begs the question of on whose behalf was the motion

### C. Whether the Court Lacks Original Jurisdiction Over Plaintiffs' § 1983 Claims

The Estate appears to further argue that the Court lacks original jurisdiction over Plaintiffs' § 1983 claims, thus depriving the state law claims of a necessary jurisdictional hook (*see* Dkt. #31 at pp. 19–20). This argument obviously fails. Section 1983 provides a cause of action for individuals who have been "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law. 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The Court has federal question jurisdiction over Plaintiffs' § 1983 claims because the claims are for alleged violations of the Doe children's federal constitutional rights and therefore arise under the Constitution. 28 U.S.C. § 1331; *See Miller v. Stanmore*, 636 F.2d 986, 989 (5th Cir. 1981). Accordingly, the Court denies the Estate's 12(b)(1) motion on this issue.

### D. Whether Title IX Precludes Plaintiffs' § 1983 Claims

The Estate also argues that Title IX precludes Plaintiffs' § 1983 claims asserted against Paniagua as an individual (*see* Dkt. #31 at p. 22). The Court is not persuaded. The Estate grossly miscomprehends the holdings of the cases to which it cites. Neither *Doe v. Town of Stoughton*, 917 F. Supp. 2d 160 (D. Mass. 2013), nor the Court's overturned decision in *Wilkerson v. Univ. of N.*

---

asserted. The TTCA defines "employee" as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who perform tasks the details of which the governmental unit does not have the legal right to control." TEX. CIV. PRAC. & REM. CODE § 101.001(2). This definition suggests that employees under the TTCA are those who are working for the governmental unit at the time the lawsuit is filed. Because Paniagua had been fired and was no longer a Prosper ISD employee at the time of the lawsuit's filing, he seemingly fell outside the TTCA's definition of employee. The Court need not fully resolve this issue, however, given its decision in the main body above.

11

*Tex.*, 223 F. Supp. 3d 592 (E.D. Tex. 2016) (Mazzant, J.), *rev'd*, 878 F.3d 147 (5th Cir. 2017), stand for the proposition that Title IX precludes § 1983 claims against an individual based on federal constitutional violations. Rather, such cases addressed a different issue tellingly absent in this case: whether Title IX precludes § 1983 claims against an individual based on the *violation of Title IX as a substantive right itself*. *See Town of Stoughton*, 917 F. Supp. 2d at 164 (construing the Supreme Court's holding in *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009) to "extend[] only to parallel and concurrent § 1983 constitutional claims, not § 1983 statutory claims arising from Title IX itself"); *see Wilkerson*, 223 F. Supp. 3d at 608 ("Based on the Supreme Court's finding in *Fitzgerald*, the Court finds that Plaintiff cannot state a claim under §1983 based on an underlying violation of Title IX."). Because Plaintiffs' § 1983 claims against Paniagua in his individual capacity are based on violations of the Doe children's constitutional rights, not Title IX, the claims are not precluded. Accordingly, the Estate's 12(b)(1) motion is denied on the issue of Title IX preclusion.

## II.     12(b)(6) Motion to Dismiss Grounds

The Estate has also moved to dismiss Plaintiffs' claims under Rule 12(b)(6) on various grounds. The Estate argues, among other things, that Plaintiffs have failed to state § 1983 claims on behalf of the Doe Children because Plaintiffs do not allege facts that "shock the conscience" nor conduct occurring under color of law. The Estate also argues that Plaintiffs' Title IX claims should be dismissed. Ultimately, the Court finds that the Estate's Rule 12(b)(6) motion should be denied on all grounds. In addition, the Court finds that the Estate's alternative motion for a more definite statement under Rule 12(e) should be denied.

### A.     Plaintiffs' § 1983 Claims on Behalf of the Doe Children

The Estate argues that the Court should dismiss Plaintiffs' § 1983 claims on behalf of the Doe Children because they do not allege facts that "shock the conscience" (Dkt. #32 at p. 14). The

Court disagrees because Plaintiffs' allegation that Paniagua, a school employee, sexually abused the Doe Children falls squarely within the realm of conscience-shocking conduct as reflected in Fifth Circuit precedent.

A § 1983 substantive due process claim requires the plaintiff to show that "the behavior of the government officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *See Morris v. Dearborne*, 181 F.3d 657, 668 (5th Cir. 1999) (quoting *Cnty. Of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). The Fifth Circuit has held that "schoolchildren do have a liberty interest in their bodily integrity that is protected by the Due Process Clause of the Fourteenth Amendment and that physical sexual abuse by a school employee violates that right." *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 445 (5th Cir. 1994). The Fifth Circuit held further that "[i]t is incontrovertible that bodily integrity is necessarily violated when a state actor sexually abuses a schoolchild and that such misconduct deprives the child of rights vouchsafed by the Fourteenth Amendment." *Id.* at 451–52.

Because Plaintiffs allege in graphic detail that the Doe Children were sexually abused by a Prosper ISD employee (*see* Dkt. #27 at pp. 7–9), the Court finds that Plaintiffs have successfully alleged facts that shock the conscience. The Estate's argument on this point is conclusory. The Estate never explains how Plaintiffs' allegations fail to shock the conscience, nor does it distinguish this case from the Fifth Circuit's holding in *Taylor*. The Estate, instead, vainly references cases in which the allegations involved some form of physical touch falling short of sexual abuse. *See Moreno v. Mcallen Indep. Sch. Dist.*, No. 7:15-CV-162, 2016 WL 3198159 (S.D. Tex. June 9, 2016); *see Doe v. Northside I.S.D.*, 884 F. Supp. 2d 485 (W.D. Tex. 2012); *see A.W. v. Humble Indep. Sch. Dist.* 25

F. Supp. 3d 973 (S.D. Tex. 2014). Contrary to those cases, however, the factual allegations in this case clearly convey child abuse of a sexual nature caused by a school employee.

The Estate further argues that Plaintiffs' § 1983 claims on behalf of the Doe Children should be dismissed because they fail to allege conduct occurring under color of law (Dkt. #32 at p. 19). This argument is also without merit. As noted by Plaintiffs in their response (Dkt. #45 at p. 7), a school employee's conduct occurs under color of state law "if a 'real nexus' exists between the activity out of which the violation occurs and the [employee's] duties and obligations . . . ." *See Taylor*, 15 F.3d at 452 n.4 (quoting *D.T. by M.T. v. Independent School District No. 16*, 894 F.2d 1176 (10th Cir. 1990)). Plaintiffs' allegations establish that a real nexus existed between the alleged sexual abuse of the Doe Children and Paniagua's position as a bus driver because the sexual abuse allegedly occurred on Paniagua's school bus while he was supposed to be driving the Doe children to school. Paniagua exploited his position as a bus driver by isolating the Doe Children so that the alleged violation could occur. Accordingly, Plaintiffs have pled sufficient facts to plausibly show that Paniagua acted under color of law when he violated the Doe Children's constitutional rights. The Estate's 12(b)(6) motion is denied on these issues.

### B. Plaintiffs' Title IX Claims

The Estate also argues that Plaintiffs' Title IX claims should be dismissed (Dkt. #32 at p. 26). However, Plaintiffs only assert Title IX claims against Prosper ISD and against Holly Ferguson and Annamarie Hamrick in their official capacities (*see* Dkt. 27 at pp. 23–24). Plaintiffs do not assert a Title IX claim against the Estate. Because there is no such claim asserted against the Estate, Rule 12(b)(6) does not allow the Estate to assert a defense to such a claim by motion. *See* FED. R. CIV. P. 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by

motion . . . ."). In other words, Rule 12(b)(6) only permits a party against whom a claim is brought to move to dismiss such claim for failure to state a claim upon which relief can be granted. *See Aguirre v. Powerchute Sports,* LLC, No. SA-10-CV-702-XR, 2011 WL 3359554, at *3 (W.D. Tex. Aug. 4, 2011) ("Rule 12(b)(6) . . . permits a party against whom a claim is brought to move to dismiss the pleading for failure to state a claim upon which relief can be granted."); *see also Garcia v. B.C., Restaurants Ltd.*, No. CIV.A. L-09-86, 2010 WL 1790204, at *1 (S.D. Tex. May 4, 2010) ("Rule 12(b)(6) permits a party against whom a claim is brought to dismiss the pleading for failure to state a claim upon which relief can be granted."). The Court is not aware of any authority to the contrary. Therefore, the Estate's 12(b)(6) motion is denied on the issue of Title IX.

  **C.**  **Whether Jane and John Doe Have Individual Claims Under § 1983**

  Starting with John and Jane Doe's individual claims, Defendant argues that, to the extent John and Jane Doe bring individual claims under § 1983, those claims fail. According to Defendant, John and Jane Doe, as the parents of the Doe Children, lack standing to bring § 1983 claims on behalf of themselves. The Court agrees. Standing requires John and Jane Doe to allege some violation of their personal rights, not simply a violation of the Doe Children's personal rights. *E.g., Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (collecting cases).

  In this case, John and Jane Doe allege that Defendant violated the Doe Children's rights, which caused John and Jane Doe pain, suffering, and emotional trauma. John and Jane Doe, however, have not put "forth facts implicating a right of recovery separate from the alleged violations of [the Doe Children's] personal rights." *Martinez v. Maverick Cnty.*, 507 F. App'x 446, 448 n.1 (5th Cir. 2013) (citing *Coon*, 780 F.2d at 1160). Without more, John and Jane Doe's individual § 1983 claims fail. Accordingly, the Court agrees with Defendant that John and Jane Doe's § 1983 claims must be dismissed.

## III. Alternative Rule 12(e) Motion for a More Definite Statement

The Estate has moved in the alternative for a more definite statement under Federal Rule of Civil Procedure 12(e) (Dkt. #32 at p. 32). Rule 12(e) provides that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). However, "[t]he 12(e) motion is disfavored, in that 'in view of the great liberality of F.R. Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss.'" *Source Data Acquisition, LP v. Talbot Grp., Inc.*, No. 4:07CV294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). Because Plaintiffs' allegations against the Estate are sufficient to survive a 12(b)(6) motion to dismiss, the Court finds that a more definite statement is unnecessary. Plaintiffs have provided sufficient notice of their claims against the Estate along with the factual basis of each claim, and the allegations provide the Estate with enough information to respond and to begin defending the action. Therefore, the Estate's alternative Rule 12(e) motion is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant Annette Paniagua ex rel. the Estate of Frank Paniagua's Supplemental Motion to Dismiss Under Rule 12(b)(1) (Dkt. #39) is hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that Defendant Annette Paniagua ex rel. the Estate of Frank Paniagua's Supplemental Motion to Dismiss Under Rule 12(b)(6) (Dkt. #40) is hereby **DENIED**.

It is further **ORDERED** that Defendant Annette Paniagua ex rel. the Estate of Frank Paniagua's alternative Rule 12(e) motion for a more definite statement, which was incorporated into both supplemental motions, is hereby **DENIED**.

It is further **ORDERED** that all of John and Jane Doe's §1983 claims asserted in their individual capacities against Defendant Annette Paniagua ex rel. the Estate of Frank Paniagua are **DISMISSED with PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 14th day of March, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE