# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JANE AND JOHN DOE, individually and as next friends of JANIE DOE 1 AND JANIE DOE 2, minor children, §§§§§<br><br>*Plaintiffs*,<br>v.<br><br>PROSPER INDEPENDENT SCHOOL DISTRICT, HOLLY FERGUSON, ANNAMARIE HAMRICK, and ANNETTE PANIAGUA ex rel. the ESTATE OF FRANK PANIAGUA,<br><br>*Defendants*. | Civil Action No. 4:22-CV-00814<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant Holly Ferguson's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #53) and Defendant Ann Hamrick's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #62). Having considered the motions and the relevant pleadings, the Court finds that the motions should be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

During the 2021–2022 school year, eight-year-old Janie Doe 1 and six-year-old Janie Doe 2 (the "Doe Children") attended school in the Prosper Independent School District ("Prosper ISD"). The Doe Children rode a bus driven by Frank Paniagua ("Paniagua") to school three to four times a week.

Plaintiffs allege that Paniagua, every morning after picking up the Doe Children but before picking up other children, would drive the bus off route and make an unscheduled stop. During

this stop, Paniagua would touch the Doe Children's chests, vaginas, and anuses under the guise of readjusting their seatbelts. According to the allegations, the sexual abuse was captured on school-bus surveillance video.

Plaintiffs allege that after the Doe Children disclosed the abuse to their mother, Jane Doe, she promptly reported it to Prosper ISD's Transportation Department and the Prosper ISD Police Department. On May 9, 2022, Prosper ISD police extracted the surveillance video from Paniagua's bus, reviewed it, and then sent the footage to Prosper Police Department. The next day, the Doe Children underwent forensic interviews. Soon after, Paniagua was arrested on charges of aggravated sexual assault of a child, continuous sexual abuse of a child victim under 14, and indecency with a child sexual contact. Paniagua attempted suicide by jumping off the second floor of the jail, paralyzing himself, and later died on June 10, 2022. Though it is unclear exactly when, Plaintiffs also allege that Prosper ISD relied on the video evidence as a basis to fire Paniagua.

Jane and John Doe filed this lawsuit on behalf of themselves and the Doe Children, seeking to hold Defendants Prosper ISD, Holly Ferguson (the Superintendent of Prosper ISD), Annamarie Hamrick (the former Director of Prosper ISD Transportation Department), and the Estate of Frank Paniagua responsible for Paniagua's actions (Dkt. #27). Relevant to the present motions, Plaintiffs accuse Ferguson and Hamrick of violating 42 U.S.C. § 1983 and 20 U.S.C. § 1681 ("Title IX") in their official and individual capacities.

On January 19, 2023, Ferguson filed a motion to dismiss (Dkt. #53). On February 2, 2023, Plaintiffs filed their response in opposition to Ferguson's motion (Dkt. #59). On February 23, 2023, Ferguson filed her reply to Plaintiffs' response (Dkt. #64). On February 14, 2023, Hamrick

2

filed a motion to dismiss (Dkt. #62). On March 7, 2023, Plaintiffs filed their response in opposition to Hamrick's motion (Dkt. #65). On March 9, 2023, Hamrick filed her reply (Dkt. #66).

## LEGAL STANDARD

### I.   12(b)(6) Standard

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

II.   **12(b)(1) Standard**

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court lacks statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In deciding the motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Ferguson and Hamrick make the same arguments in their motions to dismiss. As such, the Court will consider Defendants' briefing and arguments together. Defendants argue that the Court should dismiss Plaintiffs complaint for five reasons: (1) John and Jane Doe lack standing to bring claims in their individual capacities; (2) Plaintiffs' official-capacity claims against Defendants are duplicative of their claims against Prosper ISD; (3) Title IX does not authorize claims against individuals; (4) Defendants are entitled to qualified immunity; and (5) Plaintiffs are not entitled to punitive damages. The Court will address each argument in turn.

I.      **Standing**

Defendants argue that John and Jane Doe cannot bring claims in their individual capacities under Title IX and § 1983 because John and Jane Doe did not suffer a personal injury or a violation of their own constitutional rights. Therefore, Defendants argue that John and Jane Doe lack standing to sue. The Court agrees. As the Court pointed out in its order on Prosper ISD's motion to dismiss, John and Jane Doe do not have standing to sue in their individual capacities under Title IX or § 1983.

Title IX does not permit parents to bring a personal claim because they are neither students nor employees of the school district. *Rowinsky v. Bryan I.S.D.*, 80 F.3d 1006, 1010 n. 4 (5th Cir.), *cert. denied*, 519 U.S. 861 (1996). Additionally, the Doe Children, not John and Jane Doe themselves, were alleged to have been excluded from participation, denied the benefits of, or subjected to discrimination under an educational program or activity. *Id.* And, under § 1983, standing requires John and Jane Doe to allege some violation of their personal rights, not simply a violation of the Doe Children's personal rights. *E.g., Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986) (collecting cases). John and Jane Doe, however, have not put "forth facts implicating a right of recovery separate from the alleged violations of [the Doe Children's] personal rights." *Martinez v. Maverick Cnty.*, 507 F. App'x 446, 448 n.1 (5th Cir. 2013) (citing *Coon*, 780 F.2d at 1160).

Plaintiffs' complaint does not contain "sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face'" for either John or Jane Doe under Title IX or § 1983. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To the extent that John and

Jane Doe assert Title IX or § 1983 claims on behalf of themselves, the Court must dismiss those claims.

## II. Official-Capacity Title IX and § 1983 Claims

Next, Defendants argue that any claims brought against themselves in their official capacities and against Prosper ISD—the Title IX and § 1983 claims—must be dismissed because the claims are duplicative. The Court agrees. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166 (quoting *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)). An official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* (emphasis in original).

The Court finds that Plaintiffs' official-capacity claims against Defendants, to the extent they exist, are duplicative of those asserted against the municipality. *See Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (affirming the district court's dismissal of the allegations against all municipal officers and two employees of the Corps of Engineers in their official capacities as duplicative of those asserted against the municipality); *see also Dorris v. City of McKinney*, 214 F. Supp. 3d 552, 559 (E.D. Tex. 2016); *Terry v. City of New Orleans*, 523 F. Supp. 2d 486, 492 (E.D. La. 2007) ("In essence, suing a party in his official capacity is duplicative of an action against the municipality which the official serves as an agent."). As such, the Title IX and § 1983 claims

brought against Defendants in their official capacities should be dismissed because those claims are also brought against Prosper ISD.

### III. Individual Claims Under Title IX

In their third point, Defendants argue that Title IX does not impose liability on individuals. The Court agrees. "Liability under Title IX does not extend to school officials, teachers and other individuals." *Plummer v. Univ. of Hous.*, 860 F.3d 767, 777 (5th Cir. 2017), *as revised* (June 26, 2017) (citing *Davis ex rel. LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 640–43 (1999)). Accordingly, any Title IX claims brought against Defendants in their individual capacities must also be dismissed.

### IV. Individual-Capacity § 1983 Claims and Qualified Immunity

Plaintiffs allege that Defendants are individually liable under § 1983 because the Doe Children's due process and equal protection rights under the Constitution were violated. Defendants, on the other hand, argue that they are entitled to qualified immunity. The Court uses a two-part test to determine whether a defendant is entitled to qualified immunity: "(1) whether an official's conduct violated a constitutional right of the plaintiff; and (2) whether the right was clearly established at the time of the violation." *Soto v. Ortiz*, 526 F. App'x 370, 373 (5th Cir. 2013). "To be 'clearly established' for purposes of qualified immunity, 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). And "[a]lthough nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

### A. Substantive Due Process/Bodily Integrity Claims

Plaintiffs essentially allege that Defendants are responsible for the Doe Children's constitutional violations because Defendants, as supervisory officials, failed to take action that was obviously necessary to stop the sexual abuse by Paniagua (*see* Dkt. #27 at pp. 2–3, 10, 20–25). In other words, Plaintiffs seek to hold Defendants liable for the acts of their subordinate. In assessing the personal liability of supervisory school officials for substantive due process violations in sexual abuse cases, the Fifth Circuit has adopted the following test:

> A supervisory school official can be held personally liable for a subordinate's violation of an elementary or secondary school student's constitutional right to bodily integrity in physical sexual abuse cases if the plaintiff establishes that:
>
> (1) the defendant learned of facts or a pattern of inappropriate sexual behavior by a subordinate pointing plainly toward the conclusion that the subordinate was sexually abusing the student; and
>
> (2) the defendant demonstrated deliberate indifference toward the constitutional rights of the student by failing to take action that was obviously necessary to prevent or stop the abuse; and
>
> (3) such failure caused a constitutional injury to the student.

*Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 454 (5th Cir. 1994). This test must be considered in determining whether Defendants are entitled to qualified immunity and whether Plaintiffs have stated a claim under §1983. *See id.* at 454, 457.

Defendants do not dispute that the Doe Children have a clearly established right to bodily integrity under the Fourteenth Amendment. To be sure, this is indisputable, and the alleged sexual abuse suffered by the Doe Children would unquestionably violate such a right. *See id.* at 451–52. The issue is whether Plaintiffs have stated a plausible claim that Defendants were deliberately indifferent to their subordinate's violation of the Doe Children constitutional right to bodily

9

integrity. Viewing the allegations in a light most favorable to Plaintiffs, the Court finds that Plaintiffs have sufficiently pled facts establishing all elements of the *Taylor* test.

Plaintiffs allege that both Defendants, during the period in which Paniagua abused the Doe Children, were in actual possession of bus surveillance video capturing the abuse and suspicious GPS data showing Paniagua's bus deviating from its regular route, Paniagua's bus making unscheduled stops, and the on-board GPS tracker turning off. Plaintiffs allege further that Defendants were "actually, subjectively aware of Paniagua's abuse of [the Doe Children] but failed to act in response" (Dkt. #27 at p. 10). Construed in a light most favorable to Plaintiffs, these factual allegations show that Defendants learned of Paniagua's inappropriate sexual behavior pointing plainly to the conclusion that he was sexually abusing the Doe Children. The allegations show further that Defendants demonstrated deliberate indifference toward the Doe Children's constitutional rights because Defendants did not take action that was obviously necessary to stop or prevent the abuse, despite knowing about it, until they were notified by the Doe Children's mother. In the Court's view, this alleged apathetic inaction would constitute the epitome of deliberate indifference. *See Taylor*, 15 F.3d 456–58 (finding that a plaintiff had shown subjective awareness by showing that a school official had received several complaints from multiple parents over several years suggesting sexual misconduct by a particular teacher); *see also E.A.F.F. v. Gonzalez*, 600 F. App'x 205, 213 (5th Cir. 2015). Defendants' alleged failure to intervene would have undoubtedly contributed to causing violations of the Doe Children's constitutional right to bodily integrity.

The Court is unconvinced, as Defendants contend, that Plaintiffs have merely asserted invalid legal conclusions or conclusory allegations. On the contrary, Plaintiffs allege that

10

Defendants subjectively learned of the sexual abuse and deliberately ignored suspicious GPS data and bus surveillance video capturing the abuse (*see* Dkt. #27 at pp. 10, 20). These are very specific allegations of fact, amounting to more than a simple recitation of the *Taylor* elements, that Plaintiffs will have the burden of proving. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Defendants argue in the alternative that they are entitled to qualified immunity because supervisory liability under § 1983 did not survive *Iqbal*. Defendants are correct that, after *Iqbal*, the Fifth Circuit noted that the future of § 1983 supervisory liability claims is uncertain. *Pena v. Givens*, 637 F. App'x 775, 785 (5th Cir. 2015) (declining to address the issue of § 1983 supervisory liability after *Iqbal*). However, Defendants ignore that the Fifth Circuit has continued to allow plaintiffs to bring supervisory liability claims under § 1983 even after *Iqbal* and as recently as last year. *See, e.g., Davidson v. City of Stafford*, 848 F.3d 384, 397–98 (5th Cir. 2017), *as revised* (Mar. 31, 2017) (conducting a § 1983 supervisory liability analysis post-*Iqbal*); *Terry v. Kinney*, 669 F. App'x 200, 201 (5th Cir. 2016) (applying § 1983 supervisory liability post-*Iqbal*); *Garcia v. City of Lubbock*, No. 21-11134, 2023 WL 4636896, at *4 (5th Cir. July 20, 2023) (same). Moreover, while Defendants cite *Pena* for the proposition that the law is unclear in this circuit, Defendants ignore that the Fifth Circuit acknowledged it continues to apply its pre-*Iqbal* standards. 637 F. App'x at 785 n.6 ("Although the particular facts of this case do not require us to address the Supervisory Appellants' *Iqbal* argument, we note the many cases in the years since *Iqbal* in which we have continued to apply our rigorous pre-Iqbal standards for supervisory liability.") (citing *Brauner v. Coody*, 793 F.3d 493, 500–01 (5th Cir. 2015)); *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015); *Whitley v. Hanna*, 726 F.3d 631, 639–41 (5th Cir. 2013); *Walker v. Upshaw*, 515

F. App'x 334, 339 (5th Cir. 2013). As such, it is clearly established that *Taylor* still applies, and Plaintiffs may bring claims for supervisory liability under § 1983 in the Fifth Circuit.

Accordingly, at the motion-to-dismiss stage, Plaintiffs have alleged sufficient facts to overcome qualified immunity on their § 1983 bodily integrity claims. *See Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022) ("[W]here the pleadings are sufficient to overcome [qualified immunity], the district court *must* deny the motion to dismiss without the benefit of pre-dismissal discovery."). Plaintiffs have stated plausible § 1983 bodily integrity claims and Defendants' motions to dismiss on these grounds are denied.

### B. Equal Protection Claims

Plaintiffs also allege that Defendants are responsible for violations of the Doe Children's equal protection rights based on the same underlying sexual misconduct. When a student asserts both a § 1983 equal protection claim and § 1983 substantive due process claim arising out of a school official's alleged sexual abuse, however, the substantive due process claim supersedes any possible equal protection claim, absent any arguments to the contrary. *See Taylor*, 15 F.3d at 458; *see also Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 613 (E.D. Tex. 1998) ("In *Taylor*, the Fifth Circuit ruled that the § 1983 substantive due process claim of a student under these facts superseded any possible equal protection claim, absent any arguments to the contrary."). Like the plaintiff in *Taylor*, Plaintiffs have not made any contrary arguments nor do they "claim that the damages that [they] could recover . . . based on the alleged violation of their equal protection rights would be any more extensive than the damages that they could recover based on the substantive due process violation." 15 F.3d at 458. Therefore, the Court finds that Plaintiffs' § 1983 equal protection claims should be dismissed.

### C. Failure-to-Train and Failure-to-Supervise Claims

Plaintiffs allege further that Defendants' failure to train or supervise Paniagua caused violations of the Doe Children's constitutional rights (*see* Dkt. #27 at pp. 22–23). To the extent Plaintiffs appear to allege separately from their *Taylor* claim that their substantive due process rights were violated via a failure-to-supervise theory, the Court finds that such claim is subsumed by Plaintiffs' *Taylor* claim. As discussed above, the *Taylor* test controls when evaluating the personal liability of supervisory school officials for substantive due process violations in sexual abuse cases. *See supra* Part IV A.

To the extent Plaintiffs allege a cause of action based on Defendants' failure to train Paniagua, the Court finds that Plaintiffs have failed to state plausible § 1983 failure-to-train claims. For a § 1983 failure-to-train claim, the plaintiff must show that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). "To establish deliberate indifference, 'a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation.'" *Id.* (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003). In addition, "for a supervisor to be liable for a failure to train, the focus must be on the adequacy of the training program in relation to the tasks the particular officers must perform." *Id.* Furthermore, a plaintiff "must allege with specificity how a particular training program is defective." *Id.* (quoting *Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005).

In their allegations, Plaintiffs do not point to any specific training program that was ineffective. Neither do Plaintiffs' allegations focus on the inadequacy of a training program in relation to tasks that Paniagua had to perform as a school bus driver. Plaintiffs' allegations on this matter are conclusory and vague and prevent this Court from reasonably inferring how an alleged lack of training contributed to the Doe Children's constitutional injuries. *See Doe v. Dall. Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 563 (N.D. Tex. 2016) ("But without knowing what training [Defendants] provided, it is impossible to know whether the failure in this case lies in the training or the officials' execution."). The Court notes that Plaintiffs did not respond to any of Defendants' arguments on this issue. For these reasons, the Court finds that Plaintiffs' § 1983 failure-to-train claims should be dismissed for failing to state a claim upon which relief can be granted.

### D. Request for Punitive Damages under § 1983

Defendants contend that Plaintiffs' request for punitive damages in connection with their § 1983 claims should be dismissed. Plaintiffs did not respond to this argument. The Court disagrees with Defendants.

"Punitive damages may be awarded in § 1983 cases 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Heaney v. Roberts*, 846 F.3d 795, 803 (5th Cir. 2017) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). In line with the Court's prior discussion, Plaintiffs' allegations taken as true paint a clear picture of Defendants' reckless or callous indifference to the Doe Children's constitutional rights. Defendants' alleged failure to intervene, despite having learned of the Doe Children's suffering through the onboard bus surveillance videos

and anomalous GPS data, could potentially warrant the award of punitive damages. Therefore, the Court denies Defendants' motion to dismiss on the issue.

***

Normally, courts will afford a plaintiff the opportunity to overcome pleading deficiencies, unless it appears that the defects are incurable. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable . . . ."). But permitting multiple attempts at re-pleading is not an absolute requirement. There are limitations on repeated attempts at amendments, particularly where a court concludes that a plaintiff has already had an opportunity to state her best case and her pleadings still fall short. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Court also has discretion to deny leave to amend if amendment would be futile. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) (citation omitted). Futility in the context of an amended complaint means that the amended complaint would fail to state a claim upon which relief could be granted. *Id.* at 873.

Here, amendment to John and Jane Doe's individual claims would be futile because they lack standing. An amendment to Plaintiffs' official-capacity claims against Defendants would be futile because they are duplicative of those asserted against Prosper ISD. Likewise, because liability under Title IX does not reach school officials, an amendment to the Title IX claims would be futile. Plaintiffs need no opportunity to replead these claims because an amended complaint would inevitably fail to state a claim upon which relief could be granted. *Id.* Plaintiffs may, however, replead the Doe Children's § 1983 equal protection and failure-to-train claims to allege additional

facts in support of their claims. Indeed, the Court believes that justice is best served by providing Plaintiffs one last opportunity to plead the Doe Children's § 1983 equal protection and failure-to-train claims.

## CONCLUSION

It is therefore **ORDERED** that Defendant Holly Ferguson's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #53) and Defendant Ann Hamrick's Motion to Dismiss Plaintiffs' Second Amended Complaint (Dkt. #62) are hereby **GRANTED in part** and **DENIED in part**.

It is further **ORDERED** that the following claims brought against Defendant Holly Ferguson and Defendant Ann Hamrick are **DISMISSED with PREJUDICE**: John and Jane Doe's claims brought in their individual capacities, Plaintiffs' official-capacity § 1983 and Title IX claims, and Plaintiffs' individual-capacity Title IX claims.

It is further **ORDERED** that the Doe Children's § 1983 equal protection and failure-to-train claims are **DISMISSED without PREJUDICE**. Plaintiffs may file an amended complaint with respect to these claims. Plaintiffs must file their amended complaint within fourteen (14) days of this Order.

**IT IS SO ORDERED**.

SIGNED this 27th day of March, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE