# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| JANE AND JOHN DOE, AS NEXT FRIENDS OF JANIE DOE 1 AND JANIE DOE 2, MINOR CHILDREN, §§§§§ *Plaintiffs,* § v. § § PROSPER INDEPENDENT SCHOOL §§ DISTRICT AND ANNETTE §§ PANIAGUA EX REL. THE ESTATE §§ OF FRANK PANIAGUA, §§ § *Defendants.* § | Civil Action No. 4:22-cv-814 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Annette Paniagua, *ex rel.* the Estate of Frank Paniagua's 12(b)(1) Motion to Dismiss (the "Motion") (Dkt. #104). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

Plaintiffs Jane and John Doe, as next friends of their minor children, eight-year-old Janie Doe 1 and six-year-old Janie Doe 2, filed suit against Prosper Independent School District ("Prosper ISD") in Texas state court after discovering Frank Paniagua ("Paniagua"), a bus driver for the school, sexually abused the children on the bus over 100 times (Dkt. #3 at pp. 1–3). The disturbing allegations in this case are more thoroughly discussed in the Court's March 27, 2024 Memorandum Opinion and Order (Dkt. #68) and do not bear on the instant Motion.

On September 22, 2022, Prosper ISD removed the case to federal court (Dkt. #1). Plaintiffs filed an amended complaint on October 27, 2022 (Dkt. #14). The amended complaint added Annette Paniagua, as representative of Paniagua's Estate ("Defendant"), as a defendant in the case

(Dkt. #14).[1] Plaintiffs amended their complaint again on December 6, 2022 (Dkt. #27), April 10, 2024 (Dkt. #72), and once more on March 28, 2025 (Dkt. #95). Plaintiffs seek relief under 42 U.S.C § 1983 and assert several tort claims against Defendant (Dkt. #95 at pp. 13–23).[2]

Defendant filed her first motion to dismiss on December 8, 2022 (Dkt. #31), and two supplemental motions to dismiss on December 15, 2022 (Dkt. #39; Dkt. #40). The grounds for dismissal included, *inter alia*, that § 101.106(e) of the Texas Civil Practice & Remedies Code barred all state tort claims against Defendant (Dkt. #39 at p. 17). The Court rejected that argument and, in pertinent part, denied the motions on March 14, 2024 (Dkt. #68).

On May 28, 2025, Defendant filed the instant Motion (Dkt. #104). Now, Defendant seeks dismissal under § 101.106(a) of the Texas Civil Practice & Remedies Code (Dkt. #104 at p. 8). On June 23, 2025, Plaintiffs filed their Response (Dkt. #108). Defendant filed her Reply on June 30, 2025 (Dkt. #109). The Motion is now ripe for adjudication.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a case for lack of subject matter jurisdiction when the district court does not have statutory and constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). If a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court will consider the jurisdictional attack under Rule 12(b)(1) before addressing any attack on the legal merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A defect in the district court's

---

[1] After his arrest, Paniagua became paralyzed after attempting suicide in jail (Dkt. #95 at p. 10). He was released into his family's care and died on June 10, 2022 (Dkt. #95 at p. 10).

[2] Plaintiffs allege assault, false imprisonment, invasion of privacy, intentional infliction of emotional distress, and breach of fiduciary duty (Dkt. #95 at pp. 21–23). Plaintiffs also assert claims against Prosper ISD, but they are not relevant here.

subject matter jurisdiction may be raised at any time by the parties or the court itself and cannot be waived." *Est. of Parker v. Miss. Dep't of Pub. Safety*, 728 F. Supp. 3d 372, 382 (S.D. Miss. 2024) (citation modified) (citing *Hayes v. Gulf Oil Corp.*, 821 F.2d 285, 290–91 (5th Cir. 1987), *aff'd*, 140 F.4th 226 (5th Cir. 2025).

In deciding a Rule 12(b)(1) motion, the Court may consider "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the [C]ourt's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The Court will accept as true all well-pleaded allegations set forth in the complaint and construe those allegations in the light most favorable to the plaintiff. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). Once a defendant files a motion to dismiss under Rule 12(b)(1) and challenges jurisdiction, the party invoking jurisdiction has the burden to establish subject matter jurisdiction. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). The Court will grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the claimant cannot prove a plausible set of facts to support a claim that would entitle it to relief. *Lane*, 529 F.3d at 557.

## ANALYSIS

Defendant moves to dismiss Plaintiffs' state tort claims arising out of Paniagua's sexual abuse (Dkt. #104 at p. 1). According to Defendant, the Court lacks subject matter jurisdiction over those claims because "Plaintiffs made an irrevocable choice to pursue their Texas tort claims against Defendant Prosper [ISD] rather than Paniagua when they filed their Original Petition" in

Texas state court (Dkt. #104 at p. 1). Defendant relies on a provision within the Texas Tort Claims Act, § 101.106(a), which states that:

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

TEX. CIV. PRAC. & REM. CODE § 101.106(a).

Because Plaintiffs initially sued only Prosper ISD (Dkt. #3), Defendant argues that Plaintiffs "immediately and forever" lost the ability to assert state tort claims against Paniagua (Dkt. #104 at p. 1). And because the statute makes the effect of filing suit against Prosper ISD immediate and irrevocable, the argument goes, it is irrelevant that Plaintiffs ultimately named Defendant in their federal court complaint (Dkt. #104 at p. 10).

In response, Plaintiffs first note § 101.106(a) has no effect on their federal claims (which Defendant does not seem to dispute).[3] Then, to facilitate the argument that Defendant waived § 101.106(a) by failing to raise it in her prior motions to dismiss, Plaintiffs argue it is not jurisdictional (Dkt. #108 at pp. 3–4). But, if the statute is jurisdictional, Plaintiffs ask the Court to deny the Motion anyway because it is a disguised motion for reconsideration (Dkt. #108 at p. 4).

Because Plaintiffs' waiver argument is unavailable if the Court lacks subject matter jurisdiction, *see* FED. R. CIV. P. 12(h)(3), the central question before the Court is whether

---

[3] For instance, the Motion requests dismissal of "claims brought . . . under the Texas Tort Claims Act" (Dkt. #104 at p. 1), and the Reply states that the Court "cannot allow Plaintiffs to pursue TTCA claims against Paniagua" (Dkt. #109 at p. 5). For that reason, the Court construes the Motion to seek dismissal only of the state tort claims.

4

§ 101.106(a) is jurisdictional.[4] The Court addresses that first. Then, the Court considers whether Defendant properly raised § 101.106(a) through this Motion. Ultimately, the Court answers "yes" to both questions, and dismisses Plaintiffs' state tort claims.

## I. Section 101.106(a) is jurisdictional in nature.

Defendant argues that the statute's text—and several Texas and federal cases—indicate that § 101.106(a) is jurisdictional (Dkt. #104 at pp. 8–13). Plaintiffs acknowledge that "Texas authorities characterize the election of remedies defense as jurisdictional," but cite *Texas Department of Mental Health & Mental Retardation v. Pearce*, 16 S.W.3d 456 (Tex. App.—Waco 2000, pet. dism'd w.o.j.) in rebuttal (Dkt. #108 at pp. 3, 3 n.1). That case states that § 101.106 "does not affect a court's jurisdiction to hear a case." *Id.* at 459 (citation modified). Defendant suggests that amendments to the statute after *Pearce* demonstrate the statute is jurisdictional (Dkt. #109 at p. 4). The Court agrees. When the Waco Court of Appeals decided *Pearce*, § 101.106 provided that:

> A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim.

---

[4] In its March 14, 2024 Memorandum Opinion and Order—which denied Defendant's first motions to dismiss—the Court flagged that it is unclear whether the statute's definition of "employee" covers a former employee, like Paniagua (*See* Dkt. #68 at p. 10 n.2). Although the Court was discussing a different subsection of the statute then, § 101.106(e), the subsection at issue here also refers to "employee[s]." TEX. CIV. PRAC. & REM. CODE § 101.106(a). But Plaintiffs do not raise this issue, and the authorities the Court found indicate that the statute applies to former employees where, as here, the events giving rise to the suit occurred while they were employed. *See Rodriguez v. Midland Cnty. Hosp. Dist.*, No. MO:18-CV-173-DC, 2020 WL 10739110, at *4 (W.D. Tex. Mar. 25, 2020) (finding it "irrelevant" to TTCA applicability that individual defendant was not employed at the time suit was filed because he was "at the time of the events that form the basis of this suit."); *De Leon v. Brownsville GMS, Ltd.*, No. 13-19-00393-CV, 2021 WL 1799831, at *6 (Tex. App.—Corpus Christi–Edinburg May 6, 2021, no pet.) (mem. op.) (citation modified) ("The fact that [the individual defendant] was no longer employed by the City at the time . . . [of] suit is irrelevant to our analysis of the claims against him. Under the TTCA, the relevant period of inquiry is . . . the time of the incident . . . ."). While it is worth noting that the plaintiffs in *Rodriguez* and *De Leon* both failed to provide any authority challenging the TTCA's applicability to former employees, *see De Leon*, 2021 WL 1799831, at *6; *Rodriguez*, 2020 WL 10739110 at *4, this Court will not chart its own course by "mak[ing] arguments for" Plaintiffs that they "failed to make" themselves. *L.P. Com. Corp. v. Caudill*, 870 F. Supp. 743, 748 (S.D. Tex. 1994).

*Pearce*, 16 S.W.3d at 459 (citing Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9, sec. 1, 1985 Tex. Gen. Laws 3242 (amended 2003) (current version at TEX. CIV. PRAC. & REM. CODE § 101.106)).

The *Pearce* court held that § 101.106 immunized employees from liability, not suit. *Id.* (citing *Dall. Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343–44 (Tex. 1998)). That matters because immunity "from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments." *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004)). But the Texas Tort Claims Act changed after *Pearce*. It now states that suing a governmental unit "immediately and forever bars any suit *or* recovery" against its employee. TEX. CIV. PRAC. & REM. CODE § 101.106(a) (emphasis added).[5] Because the statute's plain language bars suit—not just liability—the Court agrees with the substantial line of authority holding "the election-of-remedies provision is a jurisdictional statute." *Degollado v. City of Port Lavaca*, No. 6:23-CV-00014, 2025 WL 976603, at *7 (S.D. Tex. Mar. 31, 2025) (citation modified) (analyzing § 101.106(e)'s election-of-remedies provision); *City of Webster v. Myers*, 360 S.W.3d 51, 56–57 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (first citing *Miranda*, 133 S.W.3d at 224; then citing *Univ. of Tex. Health Sci. Ctr. at S.A. v. Webber–Eells*, 327 S.W.3d 233, 240 (Tex. App.—San Antonio 2010, no pet.)) ("If immunity [under § 101.106(e)] applies, the trial court lacks subject matter

---

[5] The amendment's "apparent purpose" was to:
> force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery.

*Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008) (footnote omitted).

jurisdiction over the case."); *see also Prater v. Owens*, 667 S.W.3d 363, 374 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (citation modified) ("[T]he TTCA is a jurisdictional statute.").[6]

Finding that the statute is jurisdictional in nature, the Court turns to whether § 101.106(a) deprives it of subject matter jurisdiction over Plaintiffs' state tort claims. It does. Section 101.106(a) applies when a tort plaintiff sues only the governmental unit. *Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (comparing § 101.106(a) with § 101.106's other subsections). Here, Plaintiffs' Original Petition in state court named only Prosper ISD as a defendant (Dkt. #3). That, under the Texas Tort Claims Act, is irrevocable. *Garcia*, 253 S.W.3d at 657 ("Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually."); *Guzman v. City of Bellville*, 640 S.W.3d 352, 361 (Tex. App.—Houston [14th Dist.] 2022, no pet.) (citation modified) (holding that § 101.106(a) rendered a plaintiff's initial decision to sue government units but no employees an "irrevocable election" that "immediately and forever barred" claims against the employees).

Although Plaintiffs ultimately named Defendant alongside Prosper ISD in their amended complaint (*See* Dkt. #14; Dkt. #95), "once the plaintiff makes an 'irrevocable election' by suing only the employer, there is no statutory mechanism to change targets . . . ." *Lally*, 305 S.W.3d at 769; *see also Wells v. Tex. Tech Univ.*, No. 5:23-CV-060-H, 2024 WL 2967859, at *11–12 (N.D. Tex. May 7, 2024) (holding that TTCA's election-of-remedies provision controls in federal court even

---

[6] The Court sees no basis to distinguish the jurisdictional effects of § 101.106(e)'s election-of-remedies provision and § 101.106(a)'s. Section 101.106(e) provides that if a plaintiff sues both "a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Meanwhile, when triggered, § 101.106(a) "immediately and forever bars any suit or recovery" against the employee. If anything, § 101.106(a)'s express bar on "suit" implicates subject matter jurisdiction more clearly. *See Miranda*, 133 S.W.3d at 224 (citation modified) ("[I]mmunity from suit deprives a court of subject matter jurisdiction.").

7

though federal law provides that an amended complaint deprives the original of legal effect), *aff'd*, No. 24-10518, 2025 WL 673439 (5th Cir. Mar. 3, 2025), *cert. denied sub nom. Wells, Cara W. v. TX Tech Univ.*, No. 24-1239, 2025 WL 2823776 (U.S. Oct. 6, 2025). As a result, Plaintiffs "cannot sue the individual [Defendant] under Texas law," *Cox v. City of Willow Park*, No. 4:15-CV-881-A, 2015 WL 13227980, at *2 (N.D. Tex. Dec. 11, 2015), and the Court lacks subject matter jurisdiction over Plaintiffs' state tort claims.

## II.     The Court would find it lacks subject matter jurisdiction even if this were a motion for reconsideration.

Because subject matter jurisdiction may be raised at any time, the Court sees no reason to ignore the issue even if Plaintiffs correctly characterize the Motion as a disguised motion for reconsideration. *See Rogers v. Ingolia*, No. CIV.A.09-3652, 2010 WL 2361383, at *3 (E.D. La. June 8, 2010) ("It would be a waste of judicial resources if this Court declined to address the merits of Defendants' subject matter jurisdiction claims [through this motion for reconsideration] because procedurally, Defendants can immediately readdress the issue in a subsequent motion or even on appeal."), *aff'd as modified*, 424 F. App'x 283 (5th Cir. 2011). The Court could—and in fact would be "duty-bound" to—examine the issue sua sponte. *Roberson v. Williams*, No. CV 23-0597, 2025 WL 309064, at *2 (W.D. La. Jan. 27, 2025) (citing *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017)). In light of the Court's finding that it lacks subject matter jurisdiction over the state tort claims, it makes no difference what vehicle Defendant raised the issue through.[7]

---

[7] The Court disagrees that it already ruled on § 101.106(a) in the Court's March 14, 2024 Memorandum Opinion and Order (Dkt. #68). Instead, the Court held that dismissal under § 101.106(e) was unwarranted (Dkt. #68 at pp. 8–10 ("The Court denies [Defendant's] 12(b)(1) motion *on the issue of § 101.106(e)*.") (emphasis added)). Thus, the Court need not revisit its prior decision in order to rule on the § 101.106(a) argument now before it.

8

* * *

"Whether intentionally or not," Plaintiffs made an election that makes "dismissal of the common law tort claims against [Defendant] . . . unavoidable." *Salazar v. Alcoser*, No. SA-13-CA-940, 2014 WL 12489686, at *2 (W.D. Tex. Apr. 28, 2014). The Texas Tort Claims Act "is unambiguous and the result preordained." *Turner v. Criswell*, No. 419-CV-00226-ALM-CAN, 2020 WL 1901086, at *9 (E.D. Tex. Jan. 6, 2020) (quoting *Salazar*, 2014 WL 12489686, at *2) (dismissing state tort claims under election-of-remedies provision), *report and recommendation adopted*, No. 4:19-CV-226, 2020 WL 613963 (E.D. Tex. Feb. 10, 2020)). Here, that result deprives the Court of subject matter jurisdiction over Plaintiffs' state tort claims, so they must be dismissed.

## CONCLUSION

It is therefore **ORDERED** that Defendant Annette Paniagua, *ex rel*. the Estate of Frank Paniagua's 12(b)(1) Motion to Dismiss (Dkt. #104) is hereby **GRANTED** with respect to Plaintiffs' state tort claims. It is further **ORDERED** that Plaintiffs' state tort claims are **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

SIGNED this 20th day of October, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE