# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JANE AND JOHN DOE, AS NEXT FRIENDS OF JANIE DOE 1 AND JANIE DOE 2, MINOR CHILDREN, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:22-cv-814 |
| PROSPER INDEPENDENT SCHOOL DISTRICT AND ANNETTE PANIAGUA EX REL. THE ESTATE OF FRANK PANIAGUA, | § § § § § | Judge Mazzant |
| *Defendants.* | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Prosper Independent School District's Motion to Dismiss Plaintiffs' Fourth Amended Complaint (the "Motion to Dismiss") (Dkt. #96). Having considered the Motion to Dismiss and the relevant pleadings, the Court finds that the Motion to Dismiss should be **DENIED as moot**.

## BACKGROUND

During the 2021–2022 school year, eight-year-old Janie Doe 1 and six-year-old Janie Doe 2 (the "Doe Children") attended school in the Prosper Independent School District ("Prosper ISD"). The Doe Children rode a bus driven by Frank Paniagua ("Paniagua") to school three to four times a week. Plaintiffs allege that Paniagua, every morning after picking up the Doe Children but before picking up other children, would drive the bus off route and make an unscheduled stop. During 2 this stop, Paniagua would touch the Doe Children's chests, vaginas, and anuses under the guise of readjusting their seatbelts. According to the allegations, the sexual abuse was captured on school-bus surveillance video. Plaintiffs allege that after the Doe Children disclosed the abuse to

their mother, Jane Doe, she promptly reported it to Prosper ISD's Transportation Department and the Prosper ISD Police Department. On May 9, 2022, Prosper ISD police extracted the surveillance video from Paniagua's bus, reviewed it, and then sent the footage to Prosper Police Department. The next day, the Doe Children underwent forensic interviews. Soon after, Paniagua was arrested on charges of aggravated sexual assault of a child, continuous sexual abuse of a child victim under 14, and indecency with a child sexual contact. Paniagua attempted suicide by jumping off the second floor of the jail, paralyzing himself, and later died on June 10, 2022. Jane and John Doe ("Plaintiffs") filed this lawsuit on behalf of themselves and the Doe Children, seeking to hold Defendants Prosper ISD, Holly Ferguson (the Superintendent of Prosper ISD), Annamarie Hamrick (the former Director of Prosper ISD Transportation Department), and the Estate of Frank Paniagua responsible for Paniagua's actions (Dkt. #27).

Since the removal of this lawsuit to federal court, Plaintiffs have filed several amended complaints (Dkt. #14; Dkt. #27; Dkt. #72; Dkt. #95). Prosper ISD and the Estate of Frank Paniagua are the only remaining defendants in the live complaint, and Plaintiffs now seek relief only on behalf of the Doe Children (Dkt. #95). On April 10, 2025, Prosper ISD moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #96). Plaintiffs filed a response and Prosper ISD replied (Dkt. #98; Dkt. #103). The Estate of Frank Paniagua filed a "Notice of Joinder" in Prosper ISD's Motion to Dismiss (Dkt. #97). However, Prosper ISD's Motion to Dismiss requests dismissal only as to the claims against Prosper ISD.

Prosper ISD has now moved for summary judgment based on substantially the same grounds upon which it seeks dismissal (Dkt. #119). The Motion for Summary Judgment is not ripe.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen,* 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Prosper ISD's Motion for Summary Judgment is based on substantially the same grounds that the Motion to Dismiss seeks dismissal, and the parties have now engaged in extensive discovery. The Court will therefore address Prosper ISD's arguments when the Motion for Summary Judgment becomes ripe. Accordingly, the Motion to Dismiss will be denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Defendant Prosper Independent School District's Motion to Dismiss Plaintiffs' Fourth Amended Complaint (Dkt. #96) is hereby **DENIED as moot**.

**IT IS SO ORDERED.**

**SIGNED this 8th day of January, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE